**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **I.K.,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 26-3719** |
| | : | |
| **J.L. JAMISON,** *et al.*, | : | |
| **Respondents.** | : | |

### O R D E R

I.K., who is represented by counsel, petitions for habeas relief, urging that his DHS detention violates the Immigration and Nationality Act, Administrative Procedure Act, Accardi Doctrine, and Due Process Clause. 8 U.S.C. § 2241. (Doc. No. 1.)  The Government opposes Petitioner's requests for relief.  (Doc. No. 9.)  I will deny his Petition and Motions for a Temporary Restraining Order.  (Doc. Nos. 1, 3, 6.)

On February 18, 2024, I.K., a citizen of Indonesia, lawfully entered the United States on a B2 traveler visa, which expired six months later. (Doc. Nos. 1 at 8, 9-2 (Ex. B).)  On May 30, 2026, Immigration and Customs Enforcement arrested and detained him without notice.  (Doc. No. 1 at 11.)

In contrast with the vast majority of recent habeas petitions before this Court, there is no dispute that ICE detained I.K. under § 1226(a), and thus must afford him a bond hearing before an Immigration Judge.  Cf. Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (petitioner not subject to mandatory detention under § 1225(b)(2)); Alekseev v. Warden, Phila. Fed. Det. Ctr., No. 26-0462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (collecting cases).  Indeed, on the day of his arrest, ICE provided I.K. with an I-286 Form, through which he "request[ed] an [I]mmigration [J]udge [to] review [his] custody determination."  (Doc. No. 9-4 at 2 (Ex. D).)  He is scheduled to appear before an Immigration Judge tomorrow, June 10,

2026.  (Doc. No. 9-2 (Ex. B) at 2.)

I.K. thus "must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court."  <u>Ubaid v. Jamison</u>, No. 26-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026); <u>see</u> <u>Demirel</u>, 2025 WL 3218243, *5 (§ 1226(a) provides for "a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond").  Accordingly, "the merits of [his] claims that he is being held in violation of federal law are no[t] ripe for review."  <u>Id.</u> at 3 (citing <u>Doe v. Jamison</u>, No. 26-1906, 2026 WL 916568, at *4 n.36 (E.D. Pa. Mar. 31, 2026)).

In these circumstances, I will deny Petitioner the habeas relief that he seeks. In light of my decision, I will deny his Motion for a Temporary Restraining Order and Motion for Order to Return Petitioner to Philadelphia.

*                                   *                                   *

**AND NOW**, this 9th day of June, 2026, upon consideration of I.K.'s "Emergency Petition for Writ of Habeas Corpus" (Doc. No. 1), "Emergency Motion for Temporary Restraining Order" (Doc. No. 3), and "Motion for Order to Return Petitioner to Philadelphia" (Doc. No. 6), and the Government's Response in Opposition (Doc. No. 9), it is hereby **ORDERED** that the Petition (Doc. No. 1) is **DENIED** and Motions (Doc. Nos. 3, 6) are **DENIED as moot**.

AND IT IS SO ORDERED.

*/s/ Paul S. Diamond*
_____

Paul S. Diamond, J.

2